

David P. Rossmiller, OSB No. 983395
E-Mail: drossmiller@dunncarney.com
Irene A. Scruggs, OSB No. 065030
E-Mail: iscruggs@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324

Attorneys for Plaintiff

FILED'10 SEP 21 15:23USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN-PACIFIC CONSTRUCTION, INC., an Oregon corporation; WINDY RIDGE, LLC., an Oregon limited liability company; and BONANZA VIEW DAIRY, INC., an Oregon corporation,<br><br>Defendants. | No. CV'10-3099 CL<br><br>**COMPLAINT (Declaratory Judgment)**<br><br>**JURY TRIAL REQUESTED** |

For its Complaint, plaintiff American Hallmark Insurance Company of Texas ("American Hallmark") alleges as follows:

**JURISDICTION**

1.  Plaintiff American Hallmark is a property and casualty insurance company domiciled in the State of Texas, with its principal place of business in Fort Worth, Texas, and authorized to do business in the State of Oregon.

2.  Defendant Mountain-Pacific Construction, Inc. ("Mountain-Pacific") is an

#36021

excavation company that is domiciled in, has its principal place of business in and is authorized to do business in the State of Oregon.

3. Defendant Windy Ridge, LLC ("Windy Ridge") is the operator of a dairy farm and is domiciled in, has its principal place of business in, and is authorized to do business in the State of Oregon.

4. Defendant Bonanza View Dairy, Inc. ("Bonanza View") is the operator of a dairy farm that is domiciled in, has its principal place of business in and is authorized to do business in the State of Oregon.

5. The matter of controversy exceeds, exclusive of interest and costs, $75,000. This Court, therefore, has subject matter jurisdiction over all claims or causes of action pursuant to 28 USC §§ 1332 and 1367.

## VENUE

6. Venue is proper in this judicial district pursuant to 28 USC § 1391(a)(2) and LR 3.3(a).

## COMMON ALLEGATIONS

7. This suit concerns potential coverage by American Hallmark for losses under insurance policies issued to Mountain-Pacific. Mountain-Pacific seeks coverage for damage for which American Hallmark denies coverage, as set forth more specifically below.

8. American Hallmark is in the business of issuing commercial general liability and other types of insurance in a wide variety of markets, including within the State of Oregon.

9. Mountain-Pacific is an Oregon corporation that performs construction and excavating work in the State of Oregon.

10. Windy Ridge operates a dairy farm in the State of Oregon and is the owner of certain real property located in the County of Klamath, State of Oregon ("Windy Ridge Property").

11.    Bonanza View operates a dairy farm in the State of Oregon and is the owner of certain real property located in the County of Klamath, State of Oregon ("Bonanza View Property.")

12.    American Hallmark issued a commercial general liability policy, number 44CL443059, to Mountain-Pacific, with policy period extending from February 25, 2006 until February 25, 2007, from February 25, 2007 until February 25, 2008, from February 25, 2008 until February 25, 2009, and from February 25, 2009 until September 14, 2009 (the "Mountain-Pacific policy"). Relevant portions of the Mountain-Pacific policy are attached hereto as Exhibit 1. American Hallmark specifically pleads the terms of the Mountain-Pacific policy as if fully set forth in this Complaint.

13.    On or about June 9, 2008, Mountain-Pacific allegedly entered into an agreement with Windy Ridge to provide excavation work at the Windy Ridge Property.

14.    Also in or about 2008, Mountain-Pacific allegedly entered into an agreement with Bonanza View to provide excavation work at the Bonanza View Property.

15.    Mountain-Pacific alleges that Windy Ridge and Bonanza View have not fully compensated it for the labor, materials and/or equipment it used to perform the excavation work at the Windy Ridge Property and the Bonanza View Property.  As a result, Mountain-Pacific filed a lawsuit against Windy Ridge and Bonanza View in the Circuit Court of the State of Oregon for the County of Klamath, case number 0902827CV (the "Underlying Suit"), alleging that Windy Ridge and Bonanza View breached their contracts with Mountain-Pacific by failing to pay Mountain-Pacific for the work it had performed.  A copy of Mountain-Pacific's Complaint is attached as Exhibit 2 and American Hallmark incorporates Mountain-Pacific's allegations against Windy Ridge and Bonanza View as if fully set forth in this Complaint.

16.    In the winter of 2009, and possibly as early as in January of 2009, Windy Ridge allegedly discovered multiple defects in the work performed by Mountain-Pacific at the Windy Ridge Property supposedly due to design flaws, faulty workmanship and construction, and/or use

of improper and defective materials.

17. In response to Mountain-Pacific's allegations in the Underlying Suit, Windy Ridge and Bonanza View alleged that Mountain Pacific procured the contract with Windy Ridge by and through untruthful means, overbilled Windy Ridge in a variety of ways for the work it did at the Windy Ridge Property, failed to perform the work it did at the Windy Ridge Property and the Bonanza View Property in a workmanlike manner, and failed to finish the work it started at the Windy Ridge Property. On the basis of these allegations, Windy Ridge and Bonanza View brought counterclaims against Mountain-Pacific in the Underlying Suit for breach of contract and negligence ("Counterclaims"). A copy of Windy Ridge's and Bonanza View's First Amended Answer and First Amended Counterclaims is attached as Exhibit 3 and American Hallmark incorporates Windy Ridge's and Bonanza View's allegations against Mountain-Pacific as if fully set forth in this Complaint.

### FIRST CLAIM FOR RELIEF
### Against All Defendants
### (Declaratory Judgment)

18. American Hallmark realleges and incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint.

19. The Mountain-Pacific policy provides no indemnity coverage for the losses or claims alleged in the Counterclaims, for the reasons set forth more specifically below, except for, in certain circumstances, negligently caused damage to property other than Mountain-Pacific's work. Therefore, American Hallmark, as an insurer for Mountain-Pacific, is entitled to declaratory judgment, pursuant to 28 USC § 2201, that it has no obligation to indemnify Mountain-Pacific for some or all of the liability and claims made against it in the Counterclaims. Windy Ridge and Bonanza View seek to recover $886,353 in damages on account of their Counterclaims. The amount of covered damage to property other than Mountain-Pacific's work appears to be no more than $200,000 and may be substantially less.

20. The insuring agreement for the Mountain-Pacific policy states that American Hallmark will pay those sums that the insured becomes legally obligated to pay "as damages" because of "bodily injury" or "property damage" that is caused by an "occurrence."

21. The term "occurrence" means an accident, including "continuous or repeated exposure to substantially the same general harmful conditions."

22. The term "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

23. The term "property damage" means "physical injury to tangible property, including all resulting loss of use of that property," and "loss of use of tangible property that is not physically injured."

24. Under the insuring agreement for the Mountain-Pacific policy, no insurance coverage is afforded to Mountain-Pacific to the extent the losses and damages alleged in the Counterclaims fall outside the terms of the policy stated above.

25. Further, the Mountain-Pacific policy contains certain exclusions. These exclusions include an expected or intended injury exclusion, a damage to property exclusion, and an exclusion for "your work."

26. The expected or intended injury exclusion in the Mountain-Pacific policy, 2(a), provides that insurance coverage does not apply to "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

27. The damages to property exclusion in the Mountain-Pacific policy, 2(j)(5), provides that the insurance coverage does not apply to "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[.]"

28. The damages to property exclusion in the Mountain-Pacific policy, 2(j)(6), provides that insurance coverage does not apply to "property damage" to "[t]hat particular part of

any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

29. The "your product" exclusion in the Mountain-Pacific policy, 2(k), provides that insurance coverage does not apply to "'property damage' to 'your product' arising out of it or any part of it."

30. The "your work" exclusion in the Mountain-Pacific policy, 2(l), provides that insurance coverage does not apply to "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'." This exclusion does not apply if "the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."

31. The "damage to impaired property or property not physically injured" exclusion in the Mountain-Pacific policy, 2(m), provides that insurance coverage does not apply to "property damage" to "impaired property" or property that has not been physically injured, arising out of "(1) a defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms."

32. No insurance coverage is afforded to Mountain-Pacific other than as stated above because the liability policy does not cover the damages claimed against Mountain-Pacific to the degree the damages claimed consist of a mere failure to perform a contract, because the alleged damages are not "property damage" or an "occurrence" within the meaning of the policy, and/or because the damages are excluded due to the application of one or more of the above exclusions.

33. Mountain-Pacific contends and/or will contend that it is entitled to indemnity in excess of $75,000 under the Mountain-Pacific policy with respect to the Counterclaims.

34. An actual, present and existing controversy has arisen between American Hallmark and Mountain-Pacific with respect to the existence and scope of American Hallmark's indemnity obligations, if any, with respect to the Counterclaims. American Hallmark desires a

judicial declaration of its rights and duties, if any, under the Mountain-Pacific policy.

WHEREFORE, American Hallmark prays for judgment as follows:

1. That the Court declare that the Mountain-Pacific policy does not afford indemnity for the matters alleged in the Counterclaims except for damage to property other than Mountain-Pacific's work in an amount no greater than $200,000 and potentially less; and

2. That the Court grant such other and further relief that the Court deems just and equitable.

DATED: September 21, 2010.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

_____
David P. Rossmiller, OSB No. 983395
E-Mail: drossmiller@dunncarney.com
Irene A. Scruggs, OSB No. 065030
E-Mail: iscruggs@dunncarney.com
Attorneys for Plaintiff
    Trial Attorney: David P. Rossmiller